UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON B. BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:23-CV-438-TLS-JPK |
| BRIAN JAY BRINKERHOFF, | |
| Defendant. | |

**OPINION AND ORDER**

Jason B. Brown, a prisoner without a lawyer, filed a petition asking the Court to grant him power of attorney and full ownership control over all things belonging to Brian Jay Brinkerhoff. ECF No. 1. He claims that he and Brinkerhoff share the same driver's license number, and the last four digits of their social security numbers are the same. In a separate motion [ECF No. 3], Brown asks for an order allowing him to have state issued identification under both names. It is unclear if Brian Jay Brinkerhoff is another name used by Jason B. Brown, or if he is a separate individual. It is also unclear why Jason B. Brown believes he should have power of attorney over Brinkerhoff or ownership rights in his property.

Furthermore, Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006). To avoid dismissal for lack of subject matter jurisdiction, a plaintiff must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013).

For this Court to have federal question jurisdiction over this action, Brown must allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Brown has not identified any constitutional provision or federal statute as a basis for his claim.

Furthermore, the facts presented do not suggest that any federal constitutional or statutory violation has occurred.

For this Court to have diversity jurisdiction over Brown's claims, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between Brown and all defendants. *See* 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993). The citizenship of both Brown and Brinkerhoff is unclear from Brown's filings.

Accordingly, because it is unclear that this Court has jurisdiction to address Brown's concerns, the Court gives him an opportunity to amend his complaint and clarify the nature of his claims and the basis for subject matter jurisdiction.

For these reasons, the Court:

(1) DIRECTS the Clerk of the Court to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Brown;

(2) INSTRUCTS Brown to then complete the following on the form: write the word "Amended" on the first page above the "Prisoner Complaint" title; write a short and plain statement explaining what happened to him in his own words; avoid needless repetition of his allegations; include dates; explain what each defendant did wrong; use each defendant's name every time he refers to that defendant; and after he properly completes the amended complaint, send it to the Court;

(3) GRANTS Jason B. Brown until **November 30, 2023**, to file his amended complaint; and

(4) CAUTIONS Jason B. Brown that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 31, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT